IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Watkins,<br><br>    Petitioner,<br><br>v.<br><br>S. Lewis, Warden,<br><br>    Respondent. | C/A. No. 0:18-2945-CMC-PJG<br><br>**Opinion and Order** |

    This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a motion for summary judgment, as well as a return and memorandum of law on May 8, 2019. ECF Nos. 26, 27. A *Roseboro* Order was mailed to Petitioner the same day, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 28. Petitioner filed a response in opposition (ECF No. 37), Respondent filed a reply (ECF No. 38) and Petitioner filed a sur-reply (ECF No. 40).

    In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On September 30, 2019, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted. ECF No. 43. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner timely filed objections on October 21, 2019. ECF No. 47.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

**Discussion**

The Magistrate Judge recommends granting Respondent's motion for summary judgment on all grounds because Petitioner did not show appellate counsel was ineffective (1) for failing to challenge the State's motion to recall the Remittitur from his direct appeal reversing his conviction; (2) for failing to challenge the writ of certiorari to the South Carolina Supreme Court that was allowed due to the Remittitur being recalled (Grounds One and Two); and (3) that trial counsel was ineffective for failing to call the robbery victims as witnesses during the hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) (Ground Three). ECF No. 43 at 11, 15-16. The Report also recommends dismissal of Ground Four, that trial counsel was ineffective for failing to move to suppress the State's evidence obtained as a result of an illegal investigatory stop, because it is procedurally defaulted and such procedural default is not excused. *Id.* at 16, 19.

Petitioner objects to the Report's conclusions on all grounds, and requests an evidentiary hearing pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012) to show cause to excuse procedural default. ECF No. 47 at 4, 6, 8. He objects to the Report as "being an unreasonable determination of the facts," and to the Report's recitation of the procedural history in state court. *Id.* at 2-3. Petitioner states Grounds One, Two, and Three are "new grounds" and therefore procedurally defaulted and should be analyzed under *Martinez* to determine whether default may be excused. At the same time, however, he contends the State "waiv[ed] exhaustion requirements in failing to make a ruling on the Grounds raised" in the Petition "based on the evidence and facts presented." *Id.* at 7. As to Ground Four, Petitioner argues the Report's finding "is based on an unreasonable determination of the facts presented in Ground Four . . . therefore I request an evidentiary hearing." *Id.* at 8.

Petitioner's objections are difficult to understand. He appears to be arguing he has procedurally defaulted on all claims and therefore must proceed under *Martinez*; however, *Martinez* is a more stringent standard as an exception to procedural default than analysis of his ineffective assistance of counsel claims under *Strickland*. Regardless, the court agrees with the Magistrate Judge regarding Petitioner's claims: Grounds One, Two, and Three were not procedurally defaulted, although Ground Four was. *See* ECF No. 26 at 4-6 (Return and Memorandum of Law by Defendant, outlining grounds presented in PCR application, which included "failure to call victims, officers, and defendants during the [*Franks*] hearing to show false statements were made," "failed to file a return to the State's expedited motion to recall remittitur," "failed to file a motion to vacate the order recalling the remittitur," and "failed to bring to the SC Supreme Court's attention the acts of fraud upon the SC Court of Appeals by the State by including false statements in an expedited motion to recall the remittitur."). Although it appears Petitioner

3

also included as grounds in his PCR that trial counsel failed to "challenge the search warrant pursuant to S.C. Code Ann. § 17-13-141," this is not the same argument as presented in Ground Four of the instant Petition.

Other than general statements regarding his disagreement with the findings regarding his claims and requests for an evidentiary hearing, Petitioner's objections contain little in the way of specific challenges to the findings and recommendations of the Magistrate Judge. He does not, for example, explain why he believes Grounds One-Three are procedurally defaulted and should proceed under *Martinez* when he presented the same arguments in his PCR application. Nor does he say what "facts are different" between his grounds in this habeas corpus Petition and his PCR application that would show procedural default.

This court agrees with the Report that Petitioner has failed to show the PCR court's decisions on Grounds One, Two, and Three were contrary to or unreasonable applications of clearly established federal law, or unreasonable determinations of the facts. The court further agrees Petitioner has not met the *Strickland* standard for ineffective assistance of counsel regarding his trial counsel or appellate counsel on the grounds raised. On Ground Four, the court agrees Petitioner has failed to demonstrate cause to excuse the procedural default, as he is unable to satisfy the *Martinez* standard. Therefore, summary judgment is appropriate on all grounds.

## Conclusion

After a *de novo* review of the entire record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the Report and Recommendation is adopted and incorporated by reference. Respondent's motion for summary judgment is granted, and

Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED**.

                                                    s/Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                 Senior United States District Judge

Columbia, South Carolina
November 18, 2019